```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL LEE STROPE,**
**also known as**
**GORDON E. STROPE,**

       Plaintiff,

                                       CIVIL ACTION
  vs.                              No. 05-3247-SAC

**KATHLEEN SEBELIUS, et al.,**

       Defendants.

## ORDER

This matter is before the court on a civil rights action filed by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. He alleges violations of his civil rights secured by the First, Eighth, and Fourteenth Amendments, and he seeks declaratory judgment, injunctive relief, and damages.

**Motion for recusal**

The plaintiff's motion for recusal (Doc. 4) asserts that this court has unlawfully dismissed lawsuits. The motion contains little substance and is replete with personal attacks. Plaintiff relies upon unnamed sources for the

proposition that the court "hates prisoner litigation" (Doc. 4, p. 1).

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned." 28 U.S.C. 455.

"The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The plaintiff's conclusory assertions of bias and malfeasance are insufficient to support recusal. Likewise, the fact that this court has ruled against the plaintiff in other matters does not justify recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994); Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1168 (10th Cir. 1999).

The court concludes the motion for recusal must be denied. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require").

**Background**

Plaintiff brings this matter pursuant to 42 U.S.C. §§ 1983 and 1985(e). The defendants are Governor Kathleen

Sebelius; Nadine Belk, an employee of Correctional Care Solutions (CCS); Cynthia Hendry, an employee of CCS; Renee Prew, an employee of CCS; Colette Winkelbauer, Deputy Warden of Support Services at the Lansing Correctional Facility (LCF); Mary Sass, Laundry Supervisor at LCF; David McKune, Warden of LCF; and William Cummings, an employee of the Kansas Department of Corrections (KDOC).

Plaintiff claims the defendants violated his First, Eighth, and Fourteenth Amendment rights, and he seeks injunctive relief and damages.

## Discussion

This matter is governed by the Prison Litigation Reform Act of 1996 (PLRA). In relevant part, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). See also Porter v. Nussle, 534 U.S. 516, 524-25 (2002).

Section § 1997e(a) has been interpreted to require the dismissal of an action in which all claims are not fully exhausted. See Ross v. County of Bernalillo, 365 F.3d 1181,

1189 (10th Cir. 2004)(the presence of unexhausted claims in a complaint requires dismissal of the action without prejudice).

The court has reviewed the complaint and the grievance materials submitted by the plaintiff. This review demonstrates that the plaintiff has failed to fully exhaust the claims asserted through the administrative grievance procedure available to state prisoners. See K.A.R. 44-15-101 - 44-15-106.

The specific deficiencies identified by the court are as follows:

**Counts 3 and 4**

In Count 3, plaintiff alleges defendant Belk violated his rights under the Eighth Amendment by taking retaliatory action against him for seeking access to the clinic and medications and violated his rights under the Fourteenth Amendment by denying treatment, access to services, and medications available to others. Plaintiff also alleges defendant Belk stated in response to a grievance filed on February 14, 2005, that plaintiff was scheduled to see the dentist, but then either failed to schedule the appointment or removed it due to his filing of another grievance. Doc. 1, p. 9.

In Count 4, plaintiff alleges defendant Belk violated his rights under the Eighth Amendment by deliberate indifference to his serious medical needs by failing to provide treatment and by lying to investigators about plaintiff's use of the sick call procedure.  Id.

The grievance materials relevant to these claims contend that unnamed CCS dental staff failed to provide treatment and conspired to hide plaintiff's complaints by not answering them (Ex. 3), and failed to provide follow-up care for dental complaints (Ex. 13).  In the latter exhibit cited, plaintiff alleges that defendants Belk, McKune, and Cummings "intentionally, vindictively, maliciously, and deliberately" violated his rights by a denial of medical treatment and medication with a retaliatory intent to inflict pain.

The court has found no grievance specifically alleging that defendant Belk lied to investigators or that she cancelled or failed to schedule a dental appointment due to his pursuit of complaints and grievances.

**Count 7**

In Count 7, plaintiff alleges defendant Winkelbauer violated his rights under the First Amendment by retaliating against him for litigation filed against her.  Plaintiff

states that this defendant, the Deputy Warden for Support Services, failed to train defendant Sass on handling prisoner complaints and work issues and refused to take corrective action over his complaints concerning the workplace. Plaintiff states that he heard this defendant state she did not want him working in the laundry due to the lawsuit and that he was terminated on March 31, 2005, after he sent a complaint to the Governor. (Doc. 1, pp. 10-11.)

The relevant grievance materials show plaintiff filed a complaint addressed to defendant Winkelbauer concerning defendant Sass on February 7, 2005 (Ex. 1); Grievance No. AA2005753 concerning defendants Sass, Winkelbauer, McKune, Cummings, and Sebelius on April 14, 2005 (Ex. 11); and Grievance No. AA20050773 against Roger Clary and defendants Sass and Winkelbauer on April 1, 2005 (Ex. 12).

The complaint addressed to defendant Winkelbauer alleges racial discrimination in the prison laundry(Ex. 1). The grievance filed on April 14, 2005, alleges ongoing constitutional violations and specifically accuses defendant Winkelbauer of "retaliation...and conspiring with Mary Sass to retaliate...and deprive basic rights because [plaintiff] filed a valid complaint to the Governor and ... a current civil suit

in federal court." (Ex. 11, p. 2.) Finally, the complaint filed on April 1, 2005, accuses defendant Winkelbauer and other defendants of "disparity in treatment, reverse discrimination, harassment and retaliation for free speech and filing grievances and conspiracy to deny said rights...." (Ex. 12.)

None of the grievance materials included in the record contains a claim that defendant Winkelbauer failed to train defendant Sass in handling prisoner complaints, refused to take corrective action, or said that she did not want plaintiff employed in the prison laundry due to his pursuit of grievances or legal remedies.

**Count 9**

In Count 9, plaintiff alleges defendants Sass and Winkelbauer conspired to violate his rights through "conduct intended to treat differently, disparately, and discriminatory, and retaliatory, and to inflict injury". (Doc. 1, p. 12.) Plaintiff alleges defendant Winkelbauer is vengeful and has "used enough coercive persuasions to ... influence Sass to retaliate against plaintiff...." Id.

In a grievance filed on April 14, 2005, plaintiff alleged that he was subjected to retaliation and conspiracy by being

ordered out of the laundry and subsequently placed on the drop sheet.  (Ex. 11, p. 5.)  A separate grievance filed on or about April 1, 2005, accuses Roger Clary and defendants Sass and Winkelbauer of "disparity in treatment, reverse discrimination, harassment, and retaliation for free speech and filing grievances and conspiracy to deny said rights."  (Doc. 12.)

The court has found no grievance alleging that defendant Winkelbauer used coercion or otherwise improperly influenced defendant Sass to cause a violation of plaintiff's protected rights.

**Count 10**

In Count 10, plaintiff alleges defendant McKune violated his constitutional rights and federal racketeering statutes by intentionally selling him a defective hot pot.  Plaintiff asserts that while other prisoners are allowed to exchange defective products, he was required to mail the defective item to the manufacturer for a replacement.

Plaintiff also alleges defendant McKune extorted funds by selling him copy tickets and later requiring him to purchase additional tickets at a higher price.

Finally, plaintiff claims defendant McKune failed to provide him proper dental care, failed to respond to emergency

grievances, refused corrective action, failed to train and supervise, "and as a personal vendetta and retaliations for plaintiff's status as a Civil Rights Activist and current suits filed in Federal Court, did intentionally inflict pain on [him]."  (Doc. 1, p. 13.)

The grievance materials relevant to defendant McKune allege that he violated plaintiff's rights:

> "by retaliating..refusing to provide dental treatment/meds, intentionally and vindictively to inflict pain on prisoner, by denying prisoner review of his grievances filed/Emergency grievances, by denying prisoner equal protections of the laws, access to clinical services which creates deliberate indifference to serious medical needs, failure to take corrective actions and failure to train staff and conspiracy to retaliate and deny basic civil rights."  (Ex. 11, pp. 2-3.)

Similar claims appear in a grievance filed on April 9, 2005.  (Ex. 13.)  The grievances do not reflect any claim concerning a defective hot pot, nor is there any reference to extortion by defendant McKune in the sale of copying tickets. Finally, there is no specific claim that defendant McKune took retaliatory action against the plaintiff due to a personal vendetta based upon plaintiff's status as a civil rights activist.

## Conclusion

Because the record demonstrates the plaintiff failed to present each claim asserted in the complaint through the full administrative grievance procedure, the court concludes this matter must be dismissed without prejudice.

The court admonishes plaintiff to avoid the use of scurrilous or otherwise abusive language in any future pleading submitted to the court.[1]  Plaintiff is advised that the court will strike any pleading which contains offensive language.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005)(court has inherent authority to strike abusive pleadings).

Finally, the court advises plaintiff that future pleadings submitted to the court under the name of a non-party will not be accepted.[2]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for recusal (Doc. 4) is denied.

IT IS FURTHER ORDERED this matter is dismissed without

---

[1] See, e.g., Doc. 1, p. 14a-b(describing defendant Cummings as a "heathen...unfit to hold a public office and will be brought to justice until corrective actions is taken on him, or he burns in hell").

[2] The present action was submitted in an envelope bearing the return address of inmate John L. Weeks, No. 70822.

prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) and his motion for service (Doc. 3) are denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 1st day of December, 2005.


                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge